NOT FOR PUBLICATION                                    [Docket Nos. 172 & 173]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| FRANK ROGERS,<br><br>        Plaintiff,<br><br>  v.<br><br>DEON D. HENRY, SR., et al.,<br><br>        Defendants. | Civil No. 02-3495(RMB)<br><br>**OPINION** |

APPEARANCES:

Frank Rogers
11 East 14th Street
Ocean City, New Jersey
    Plaintiff Pro Se

Joseph P. Buttafuoco, Esq.
Buttafuoco, Arce & Price, LLC
2508 Park Avenue
Suite 1C
South Plainfield, NJ 07080
    Attorneys for Defendants Deon D. Henry, Sr. and
    Dennis McKelvey

James P. Savio, Esq.
Law Offices of James P. Savio
First Floor
9220 Amherst Ave.
P.O. Box 3163
Margate, NJ 08402
    Attorney for Defendants John Campo, Stephen G. Parris, City
    of Ocean City, William Wilent, Charles Cusack, Laura Hall
    and Richard Costigan

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court on two motions: 1) a motion for summary judgment submitted by Defendants Deon D. Henry Sr. ("Det. Henry") and Dennis McKelvey ("Sgt. McKelvey"); and 2) a motion to dismiss crossclaims by Defendants John Campo, Stephen G. Parris, City of Ocean City, William Wilent, Charles Cusack, Laura Hall and Richard Costigan.

On December 23, 2005, the Honorable Jerome B. Simandle issued an Opinion and Order granting the motion for summary judgment of Defendants Campo, Parris, City of Ocean City, Wilent, Cusack, Hall and Costigan. [Docket No. 161]. These same Defendants seek a dismissal of the crossclaims asserted against them by Defendants Det. Henry and Sgt. McKelvey in light of the fact that summary judgment was granted in their favor in the underlying matter.

Pursuant to an Order of this Court, Plaintiff's opposition to the instant motions was due on or before September 25, 2006. [Docket No. 177].[1] Plaintiff has submitted no opposition. Because Defendants' motions are unopposed, this Court will "treat

---

[1] Plaintiff had filed a pretrial memorandum on May 1, 2006. Because Plaintiff is pro se, this Court was concerned that Plaintiff was not aware that his pretrial memorandum did not respond to Defendants' motion for summary judgment. Therefore, this Court deemed it proper to give Plaintiff more time to respond to Defendants' motion.

2

all facts properly supported by the movant[s] to be uncontroverted." <u>Brandon v. Warden No. State Prison</u>, 2006 U.S. Dist. Lexis 27471 *3 (D.N.J. 2006) (quoting <u>Allebach v. Sherrer</u>, 2005 U.S. Dist. Lexis 15626 *5 (D.N.J 2005)).

The facts underlying both of the instant motions are identical to those discussed at length in Judge Simandle's Opinion. [Docket No. 161]. Thus, only a brief recitation of the relevant facts is necessary here.[2]

<u>Pro Se</u> Plaintiff, Frank Rogers ("Rogers"), brought the above-captioned action pursuant to 42 U.S.C. §§ 1983, 1985 and New Jersey State Law for malicious prosecution and conspiracy to commit the same in connection with his arrest and prosecution for a drug related offense.

In May of 2000, Deborah Moore ("Moore"), a friend of Plaintiff, went to the Ocean City Police Department to file an assault complaint against Plaintiff. [Defs.' Ex. F]. Instead of filing said complaint, Moore began working with the Police Department to help them catch Plaintiff in the sale of illegal drugs. At all times relevant to this action, Det. Henry and Sgt. McKelvey were employed by the Atlantic County Prosecutor's Office

---

[2] Defendants Henry and McKelvey have referred this Court in their moving papers to the statement of facts submitted by co-Defendants Campo, et al., [Docket No. 119], and the findings made by the Honorable Jerome B. Simandle in his December 23, 2005 Opinion, [Docket No. 161]. References in this Opinion to Defendants' Exhibits is therefore a reference to the exhibits annexed to the motion papers of Defendants Campo, et al.

as members of the Narcotics Strike Force Unit. [Defs.' Br. at 12]. The Narcotics Strike Force Unit worked along with the Ocean City Police Department. [Id.].

On August 3, 2000, Plaintiff purchased marijuana for Moore and also intended to purchase cocaine for Moore's friend "Boyd" who was, in fact, Det. Henry. [Defs.' Ex. E]. Another drug buying incident took place on August 15, 2000, but the charges against Plaintiff based on this incident were dropped because Moore brought her own cocaine and switched it with the bag purchased by Plaintiff. [Def. Exs. B & E].[3]

In July of 2001, Plaintiff pled guilty based on the events of August 3, 2000.

**Discussion:**

1. Det. Henry and Sgt. McKelvey's Motion for Summary Judgment

   *a. Plaintiff's Allegations Against Det. Henry and Sgt. McKelvey*

   In his Amended Complaint, Plaintiff alleges that Defendants Henry and McKelvey, "conspired to entrap [Plaintiff] for the purpose of arresting, prosecuting, convicting and incarserating

---

[3] On April 30, 2002, Judge Richard A. Russell of the New Jersey Municipal Court held a probable cause hearing and determined that Plaintiff did not produce sufficient proof to establish the existence of probable cause for the court to believe that co-Defendant Campo manufactured false statements or false reports in regard to charges against Plaintiff. [Docket No. 161 at 3].

[sic] [him]." [Pl.'s Amend. Comp. at 4]. He also alleges that both Defendants manufactured probable cause, conspired to maliciously prosecute him and intentionally and negligently inflicted emotional distress upon him.

   b. *Summary Judgment Standard*

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably

---

[4] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

be resolved in favor of either party."[5] <u>Liberty Lobby</u>, 477 U.S. at 250; <u>Brewer v. Quaker State Oil Ref. Corp.</u>, 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

    *c. 42 U.S.C. § 1985 - Plaintiff's Conspiracy Claims*

Defendants are entitled to summary judgment on Plaintiff's 42 U.S.C. § 1985 claim. To establish a cause of action under Section 1985(3), a plaintiff must show: "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privileged of a citizen of the United States." <u>D'Aurizio v. Palisades Park</u>, 963 F. Supp. 378, 385 (D.N.J. 1997). The second element of this test requires that a plaintiff show "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." <u>Id.</u> (quoting <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268-69 (1993)) (internal quotations and citations omitted).

While Plaintiff's Amended Complaint asserts that the Ocean

---

[5] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Hugh v. Butler County Family YMCA</u>, 418 F.3d 265, 267 (3d Cir. 2005).

City Police Department had an "[i]nstitutionalized practice of accepting any request to investigate, arrest, prosecute Black African American Males and Females of Certain Socialeconomic [sic] status and other Ethnic class[es] of the same Social Economic status," [Pl.'s Amend. Comp. at 20], he has presented no evidence beyond this mere assertion that would allow a reasonable jury to conclude that there was racial or class-based discriminatory animus behind the alleged conspirators' actions. Without evidence of such animus, Plaintiff cannot establish a Section 1985 claim and therefore, Defendants are entitled to summary judgment.[6]

    *d. Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress*

As stated in Judge Simandle's opinion in this matter, before the Court can address Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") or Negligent Infliction of Emotional Distress ("NIED") it must determine whether Plaintiff has met the threshold requirements of the New Jersey Tort Claims Act ("NJTCA") [Docket No. 161 at 9]. The NJTCA states as follows:

> no damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that

---

[6] A "nonmovant may not rest upon mere allegations, but rather must identify those facts of record which would contradict the facts identified by the movant." <u>Khazzaka v. Univ. of Scranton</u>, 148 Fed. Appx. 72, 73-74 (3d. Cir. 2005).

> this limitation on the recovery of damages for pain and suffering shall not apply in cases for permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $ 3,600.00. N.J.S.A. 59:9-2(d).

Additionally, the New Jersey Supreme Court has held that in order to recover damages from a public entity or employee, "a plaintiff must prove by objective medical evidence that the injury is permanent." Brooks v. Odom, 150 N.J. 395, 406, 696 A.2d 619 (1997).

Plaintiff has neither alleged permanent injury nor presented evidence that he has undergone medical or psychological treatment with accompanying expenses. Therefore, Plaintiff has not met the threshold requirement of the NJTCA and his IIED and NIED claims cannot be sustained.

e. *Malicious Prosecution*

To sustain a malicious prosecution claim pursuant to 42 U.S.C. § 1983, a plaintiff must show: 1) the defendant initiates a criminal proceeding; 2) which ended in the plaintiff's favor; 3) which was initiated without probable cause; 4) the defendants acted maliciously or for a purpose other than bringing the defendant to justice; and 5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F. 3d 497, 521 (3d Cir. 2003). New Jersey law is clear that

"in circumstances where a criminal charge is withdrawn or a prosecution is abandoned pursuant to an agreement or compromise with the accused, the termination is viewed as indecisive and insufficient to support a cause of action for malicious prosecution." Thomas v. New Jersey Institute of Technology, 178 N.J. Super. 60 (Law Div. 1981) (citing Mondrow v. Selwyn, 172 N.J. Super. 379, 384 (App.Div.1980)).

In their motion for summary judgment, Defendants argue that they did not act maliciously and were properly performing their duties. [Defs.' Br. at 16]. Moreover, they assert that the criminal proceedings at issue did not end in Plaintiff's favor. Because Plaintiff pled guilty based on the events of August 3, 2000, served a jail sentence as a result, and the counts based on the August 15, 2000 incident were dropped, the criminal proceedings cannot be said to have terminated in Plaintiff's favor.

As noted by Judge Simandle, there is nothing in the record of this case that would indicate that Plaintiff's guilty plea was the result of coercion, duress or that Defendants acted maliciously. [Docket No. 161 at 13]. Because the criminal proceedings did not terminate in Plaintiff's favor and the Plaintiff has presented no evidence that could lead a reasonable jury to the conclusion that Plaintiff was maliciously prosecuted, Defendants' motion for summary judgment should be granted on this

claim.

### f. Malicious Abuse of Process

Plaintiff cannot establish a prima facie case of malicious abuse of process. The elements of a malicious abuse of process claim are: 1) an "ulterior movie" for the use of process and 2) "some further act after an issuance of process representing the perversion of some legitimate use of the process." <u>Securimetrics v. Iridian Techs., Inc.</u>, 2005 WL 1140689, at *5 (D.N.J. May, 13, 2005). Moreover, "[b]ecause of the 'further act' requirement, 'coercive action or bad motives or intent prior . . . to the institution of the lawsuit do not suffice to expose a plaintiff to a cause of action for malicious abuse of process.'" <u>Id.</u> (quoting <u>Penwag Prop. Co. v. Landau</u>, 148 N.J. Super 493, 499 (App. Div. 1977)).

In the matter at hand, Plaintiff alleges that Defendants conspired to "manufacture evidence and prosecute him on drug charges so that he would serve a greater prison sentence than had he been prosecuted for the original assault charges." [Defs.' Br. at 18]. Because an action for malicious abuse of process only "lies for improper, unwarranted, and perverted use of process after it has been issued," and Plaintiff's allegations of abuse of process pertain only to actions that took place before process had been issued, Plaintiff has not raised a genuine issue of

material fact with regard to the existence of a malicious abuse of process claim. Galbraith v. Lenape Regional High School District, 964 F. Supp. 889, 897 (D.N.J. 1997)(finding that "[b]ad motives or malicious intent leading to the institution of a civil action are insufficient to support a cause of action for malicious abuse of process.")

*g. False Imprisonment and False Arrest*

Plaintiff cannot bring a successful claim against Defendants for false imprisonment or false arrest because doing so would undermine the validity of his conviction. As the Supreme Court stated in Heck v. Humphrey, 512 U.S. 477, 487 (1994):

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Plaintiff's guilty plea, related to the charges of August 3, 2000, forms the basis of a conviction. State v. Parsons, 341 N.J. Super 448, 456 (App. Div. 2001) (stating that a guilty plea "represents [] the 'defendant's consent that judgment of conviction may be entered without a trial'") (citing Fambo v. Smith, 433 F. Supp. 590, 594 (W.D.N.Y. 1977)). As stated in Judge Simandle's Opinion in this matter, "unless Plaintiff can make some showing that his conviction, pursuant to his guilty [plea], was reversed on direct appeal, expunged by executive order, declared invalid by a stated tribunal, or called in question by a writ of habeas corpus, he is precluded from bring[ing] these claims through a Section 1983 suit." [Docket No. 161 at 18]. No such showing has been made by Plaintiff.

Even if Plaintiff bases his false arrest and false imprisonment claims on the events of August 15, 2000, which are

not precluded because there was no conviction, Defendants are immune from suit under the principles of qualified immunity.

Defendants argue that Plaintiff's claims of false arrest and false imprisonment cannot be sustained against Defendants because of absolute and/or qualified immunity. [Defs.' Br. at 18]. Defendants' argument that they are entitled to absolute immunity is incorrect because the law is clear that prosecutorial immunity is limited to a prosecutor's performance of judicial or quasi-judicial functions, i.e., "when he or she is acting as an advocate for the state." Michaels v. State of New Jersey, 50 F. Supp. 2d 353, 359 (D.N.J. 1999). Where a prosecutor is acting in an investigative capacity, however, only qualified immunity is available. Id.; Barbara v. Smith, 836 F.2d 96, 99 (2d Cir. 1987) ("when a prosecutor performs an investigative or administrative function rather than a prosecutorial one, absolute immunity is not available.").

Even though absolute immunity is not available to Defendants as the alleged false arrest and false imprisonment touch on the acts of Defendants in an investigative capacity, Defendants are entitled to qualified immunity. Qualified immunity applies where a prosecutor's conduct has not "violated clearly established statutory or constitutional rights for which a reasonable person would have known." Michaels, 50 F. Supp. 2d at 362. Once a defendant raises the defense of qualified immunity, it is the plaintiff's burden to show that a constitutional right was

13

violated and that it was clearly established at the time of the conduct at issue. Id. Because Plaintiff has presented no evidence to demonstrate that there was no probable cause to arrest him at the time said arrest was made, he has not established that a constitutional right was violated. Therefore, qualified immunity applies to the Defendants.

2. Motion to Dismiss Crossclaims

Co-Defendants John Campo, Stephen G. Parris, City of Ocean City, William Wilent, Charles Cusack, Laura Hall and Richard Costigan have moved to dismiss Defendants' Henry and McKelvey's crossmotions asserted against them. This motion is unopposed. In light of the fact that summary judgment has been granted in favor of Defendants' Henry and McKelvey and because all of the crossclaims are based on indemnification and a finding of liability against said Defendants, those claims are no longer viable; therefore, the crossclaims are dismissed as moot.

**Conclusion:**

For the aforementioned reasons, the motion for summary judgment filed by Defendants Det. Henry and Sgt. McKelvey is granted in toto. The crossclaims asserted against Defendants John Campo, Stephen G. Parris, City of Ocean City, William Wilent, Charles Cusack, Laura Hall and Richard Costigan are dismissed as moot.

An accompanying Order will issue this date.

Dated: *October 3, 2006*

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

An accompanying Order will issue this date.

Dated: *October 3, 2006*

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE